UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-61703-CIV-MARRA/SELTZER

VENTRASSIST PTY LTD., *et al.*,

    Plaintiffs,

v.

HEARTWARE, INC.,

    Defendant.

_____/



## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on (1) Defendant's Motion to Dismiss Plaintiffs' Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6) or in the Alternative, for Summary Judgment Pursuant to FRCP 12(b) and 56 and supporting Memorandum of Law (DE 10, 11) and (2) Defendant's Motion to Stay Discovery on the Merits (DE 28) and was referred to the undersigned pursuant to 28 U.S.C. § 636. Having carefully considered the papers in support of and in opposition to said Motions and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that the Motions be DENIED.

I.    BACKGROUND

This is a patent infringement action concerning two United States patents held by Plaintiffs relating to ventricular assist devices. See Complaint ¶ 8 (DE 1). Plaintiffs allege that Defendant is "making, using, selling and/or offering for sale products that infringe upon" these patents. Id. ¶ 9 (DE 1). In particular, Plaintiffs contend that Defendant's left ventricular assist device ("LVAD") violates the patents at issue. See Response at 4-13 (DE



19).[1] Plaintiffs also assert that two derivatives of the LVAD developed by Defendant – a miniature ventricular assist device ("MVAD") and a pediatric ventricular assist device ("PedVAD") – infringe their patents. See id. at 13-15 (DE 19).

Defendant has now moved to dismiss the Complaint or, in the alternative, for summary judgment. According to Defendant, all of its activities are exempt from patent infringement under 35 U.S.C. § 271(e)(1) because those activities are "reasonably related to the development and submission of information to the FDA" for regulatory approval of the allegedly infringing devices.[2] As a result, Defendant argues that (1) the Court lacks subject matter jurisdiction over this action, (2) Plaintiffs fail to state a claim upon which relief can be granted, and (3) in the alternative, Defendant is entitled to summary judgment. See Motion (DE 10) and Supporting Memorandum of Law (DE 11).[3]

---

[1] The parties occasionally use the term HVAD when discussing the LVAD, but HVAD is simply the tradename for the LVAD. See Defendant's Memorandum at 2 n.4 (DE 11).

[2] 35 U.S.C. § 271(e)(1) provides in pertinent part: "It shall not be an act of infringement to make, use, offer to sell or sell within the United States . . . a patented invention . . . solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products." The particular federal law implicated here is the Federal Food, Drug, and Cosmetic Act, which regulates medical devices like those involved in this case. See 21 U.S.C. § 360e; Eli Lilly & Co. v. Medtronic, Inc., 496 U.S. 661, 664-66 (1990). And, although Section 271(e)(1) speaks only to drugs and veterinary biological products, the Supreme Court has held that it applies to medical devices such as those at issue in this case. See Eli Lilly & Co., 496 U.S. at 670-74. Thus, if Defendant's conduct falls within Section 271(e)(1), it is exempt from patent infringement.

[3] In response to Defendant's Motion to Dismiss, Plaintiffs filed an Amended Complaint (DE 18) in which they allege that Defendant's activities "are not exempt [from patent infringement] under 35 U.S.C. § 271(e)(1) or otherwise." Amended Complaint ¶ 9 (DE 18). The parties have stipulated (and the undersigned agrees) that the issues raised in Defendant's Motion have not been rendered moot by Plaintiffs' amendments to their Complaint. See Defendant's Response to Plaintiffs' First Amended Complaint ¶ 5 (DE 21).

Defendant also has moved to stay discovery pending resolution of its Motion to Dismiss. According to Defendant, discovery should be stayed because the Motion to Dismiss is likely to be granted; therefore, permitting discovery at this juncture would result in a needless waste of time and resources. Defendant further argues that its claimed exemption from patent infringement under Section 271(e)(1) is a narrow question of law for which discovery is unnecessary. Finally, Defendant argues that a stay of discovery will not prejudice Plaintiffs. See Motion to Stay Discovery at 5-7 (DE 28).

II.   DISCUSSION

  A.   Choice of Law

Before addressing the merits of Defendant's Motion to Dismiss/Motion for Summary Judgment, a preliminary choice of law question must be answered. Ordinarily, this Court applies (and is bound by) decisions of the United States Court of Appeals for the Eleventh Circuit, to which appeals from this Court normally lie. However, because this a patent action predicating jurisdiction on 28 U.S.C. § 1338, an appeal in this matter would lie in the United States Court of Appeals for the Federal Circuit. See 28 U.S.C. § 1295(a)(1); Am. Household Prods., Inc. v. Evans Mfg., Inc., 139 F. Supp. 2d 1235, 1239 (N.D. Ala. 2001); Mi-Jack Prods., Inc. v. Taylor Group, Inc., No. 96 C 7850, 1997 WL 441796, at *2 (N.D. Ill. July 30, 1997). Therefore, the Court must apply the law of the Federal Circuit in this action. See Am. Household Prods., 139 F. Supp. 2d at 1239; Mi-Jack Prods., 1997 WL 441796, at *2.

The above analysis, however, does not fully answer the choice-of-law question. Although the Federal Circuit generally follows its own law on substantive patent law questions, it defers to the decisions of the regional circuit in which the district court sits on

procedural questions "that involve no special issues relating to patent law." Sun-Tek Indus., Inc. v. Kennedy Sky Lites, Inc., 856 F.2d 173, 175 (Fed. Cir. 1988); accord Toxgon Corp. v. BNFL, Inc., 312 F.3d 1379, 1380-81 (Fed. Cir. 2002); McGinley v. Franklin Sports, Inc., 262 F.3d 1339, 1357 (Fed. Cir. 2002). Therefore, when addressing each prong of Defendant's Motion – lack of subject matter jurisdiction, failure to state a claim, and summary judgment – the Court must engage in a two-part choice-of-law analysis. The Court must first decide whether the particular prong raises a procedural or a substantive legal issue. If the issue involves a substantive question of patent law, then the choice-of-law analysis is complete: the Court must apply the law of the Federal Circuit. If the issue is procedural, however, then the Court must decide whether any "special issues relating to patent law" have been raised. If so, then the Court must apply the law of the Federal Circuit; if not, then the Court must apply the law of the Eleventh Circuit.

B.   The Motion to Dismiss for Lack of Subject Matter Jurisdiction[4]

Defendant first argues that this Court lacks subject matter jurisdiction over this action. A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure presents a procedural question, and that question raises no special issues relating to patent law. Accordingly, the Court must apply Eleventh Circuit

---

[4] Where, as here, a motion to dismiss advances more than one ground under Rule 12(b), "the district court should consider the Rule 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge." 5A Wright & Miller, Federal Practice & Procedure: Civil 3d § 1350 (3d ed. 2004); accord Bell v. Hood, 327 U.S. 678, 683 (1946) ("Whether the complaint states a cause of action on which relief could be granted is a question of law [that] must be decided after and not before the court has assumed jurisdiction over the controversy."); Jones v. Georgia, 725 F.2d 622, 623 (11th Cir. 1984).

law when resolving this portion of Defendant's Motion. See Toxgon Corp., 312 F.3d at 1380-81 ("We review a dismissal for lack of subject matter jurisdiction according to regional circuit law, since it is a procedural question not unique to patent law."); Madey v. Duke Univ., 307 F.3d 1351, 1358 (Fed. Cir. 2002) (same).

Federal courts are courts of limited jurisdiction; they may only hear cases over which there has been a congressional grant of jurisdiction. Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Here, Congress has granted the federal district courts exclusive jurisdiction over "any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a).[5] The Supreme Court has held that jurisdiction under Section 1338(a) extends "only to those cases in which a well-pleaded complaint establishes that either federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988).

Although Plaintiffs' Amended Complaint sounds in patent infringement, Defendant argues that the Court lacks subject matter jurisdiction over this action because its activities are exempt from patent infringement under Section 271(e)(1)'s safe harbor. See Defendant's Memorandum at 17-18 (DE 11). Defendant, however, has failed to cite any

---

[5] Congress also has granted federal courts jurisdiction over claims between "citizens of a State and citizens or subjects of a foreign state," when the amount in controversy is greater than $75,000. See 28 U.S.C. § 1332(a)(2). Insofar as Plaintiffs are Australian entities and Defendant apparently has its principal place of business in Florida, the parties appear to be "diverse" within the meaning of 28 U.S.C. § 1332(a)(2). See 28 U.S.C. § 1332(c)(1) (corporation is citizen of state where principal place of business is located). Plaintiffs, however, have not invoked diversity jurisdiction in their Amended Complaint, and it is unclear whether the $75,000 amount in controversy requirement has been satisfied in this case. It is unnecessary to determine whether diversity jurisdiction exists in this action, however, because the undersigned concludes that federal question jurisdiction exists.

case in which a federal court had concluded that it lacked subject matter jurisdiction over a well-pleaded patent infringement claim, and the undersigned is unaware of any. The absence of such case law is not surprising; Defendant has confused this Court's authority to adjudicate a patent infringement claim (subject matter jurisdiction) with its defense that its activities are statutorily exempt from patent infringement.

Even if Defendant were to prevail on its defense that its activities are exempt from patent infringement (meaning that it would be entitled to dismissal or summary judgment), the ultimate result would not defeat this Court's <u>authority</u> to hear and adjudicate Plaintiffs' patent claim under Section 1338(a). See <u>Bell v. Hood</u>, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover."); <u>McGinnis v. Ingram Equip. Co.</u>, 918 F.2d 1491, 1494 (11th Cir. 1990) ("The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover."); 5A Wright & Miller, <u>Federal Practice & Procedure: Civil 3d</u> § 1350 (3d ed. 2004) (noting that "a motion under Rule 12(b)(1) [should not] be confused with a motion under Rule 12(b)(6) . . . . [T]he former determines whether the plaintiff has a right to be in a particular court and the latter is an adjudication as to whether a cognizable legal claim has been stated."). It is beyond dispute that "federal patent law creates [Plaintiffs'] cause of action" in this case, <u>Christianson</u>, 486 U.S. at 809, because Plaintiffs have sued to enforce rights granted to them by virtue of their patents; Defendant's alleged "safe harbor" defense has no bearing on this conclusion. Accordingly, subject matter jurisdiction in this Court is proper under Section 1338(a). <u>Id.</u>[6]

---

[6] The Supreme Court has recognized that dismissal for lack of subject matter jurisdiction may be appropriate where a claim is "patently without merit," "wholly

C.  The Motion to Dismiss for Failure to State a Claim

Defendant next argues that Plaintiffs have failed to state a claim on which relief can be granted. A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure presents a procedural question, and that question raises no special issues relating to patent law. Accordingly, the Court must apply Eleventh Circuit law when resolving this portion of Defendant's Motion. See Bayer AG v. Housey Pharms., Inc., 340 F.3d 1367, 1371 (Fed. Cir. 2003) ("We review the grant of a motion to dismiss under Rule 12(b)(6) by applying the procedural law of the regional circuit."); C & F Packing Co. v. IBP, Inc., 224 F.3d 1296, 1306 (Fed. Cir. 2000) ("The question of whether a Rule 12(b)(6) motion was properly granted is a purely procedural question not pertaining to patent law, to which this court applies the rule of the regional . . . circuit.").

The purpose of a motion to dismiss under Rule 12(b)(6) "is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merit of the plaintiff's case." 5A Wright & Miller, Federal Practice & Procedure: Civil 3d § 1356 (3d ed. 2004). In ruling on a motion to dismiss, therefore, the scope of the Court's review is "limited to the four corners of the complaint," St. George v. Pinellas County, 285 F.3d 1334,

---

insubstantial and frivolous," Bell, 327 U.S. at 682-83, "or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court[s]," Hagans v. Levine, 415 U.S. 528, 543 (1974) (citation omitted). Accord Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998). The undersigned cannot conclude that Plaintiffs' patent infringement claim here is so "wholly insubstantial and frivolous" as to warrant dismissal for lack of subject matter jurisdiction. Indeed, whether Defendant's activities fall within Section 271(e)(1)'s safe harbor – which is the dispositive issue raised in this case – is intensely contested by the parties and may turn on the facts contained in the Declarations submitted with Defendant's Motion, as to which Plaintiffs have not yet had the opportunity to conduct discovery. See infra at 11-13.

1337 (11th Cir. 2002), and "the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true," <u>Jackson v. Birmingham Bd. of Educ.</u>, 309 F.3d 1333, 1335 (11th Cir.2002) (citation omitted). In order to gain a dismissal, a defendant must meet the very high standard enunciated by the Supreme Court in <u>Conley v. Gibson</u>: "[A] complaint should not be dismissed for failure to state a claim unless it appears <u>beyond doubt</u> that the pleader can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957) (emphasis added); <u>accord</u> <u>Jackson</u>, 309 F.3d at 1335. Accordingly, "the threshold of sufficiency to which a complaint is held at the motion-to-dismiss stage is exceedingly low." <u>United States v. Baxter Int'l, Inc.</u>, 345 F.3d 866, 880 (11th Cir. 2003) (internal quotation marks and citation omitted).

At this stage of the proceedings, Defendant cannot show that it is "beyond doubt" that there exists "no set of facts" that would entitle Plaintiffs to relief on their patent infringement claim. Indeed, one can easily conceive of facts that would entitle Plaintiffs to relief: facts tending to showing that (1) Defendant is making, selling, or using products that infringe on Plaintiffs' patents and that (2) such uses do not fall within the ambit of Section 271(e)(1) – that is, the products are not being made, used or sold "solely for uses reasonably related to the development and submission of data" to the FDA. By way of example only, if Plaintiffs were to show that Defendant is selling its LVAD in the United States or abroad solely to make a profit, and not for the purpose of gathering data to be later submitted to the FDA, such conduct would not be exempt under Section 271(e)(1). <u>See</u> <u>Ortho Pharm. Corp. v. Smith</u>, Civ. A. No. 90-0242, 1990 WL 121353, at *23 (E.D. Pa. Aug. 17, 1990) (noting that Section 271(e)(1) does not exempt "promotional or commercial use in the U.S. or abroad"). Despite Defendant's claims to the contrary, it is certainly

possible that, through discovery, Plaintiffs may adduce facts indicating that some of Defendant's conduct falls outside of the Section 271(e)(1) safe harbor. Dismissal, therefore, is inappropriate under these circumstances.

Defendant has submitted three Declarations that allegedly demonstrate that all of its conduct falls within Section 271(e)(1) and, based on those Declarations, Defendant argues that it is entitled to dismissal. See Defendant's Memorandum at 2-7 & Exs. 3-5 (DE 11). Defendant's argument, however, is predicated on a two-fold misconception of a Rule 12(b)(6) motion. First, as noted above, the scope of the Court's review when ruling on such a motion is "limited to the four corners of the complaint." St. George, 285 F.3d at 1337. The Court, therefore, may not consider the Declarations attached to Defendant's Motion.[7] Second, even if the Court were permitted to consider those Declarations, it could not accept as true the averments contained therein because they conflict with the allegations in the Amended Complaint. See Jackson, 309 F.3d at 1335 (court must accept as true allegations in complaint when ruling on Rule 12(b)(6) motion).

Defendant further argues that dismissal should be granted given that Plaintiffs "have failed to properly plead [a claim for patent] infringement, because they have not provided anything to show that [Defendant's] activities are not exempt under Section 271(e)(1)."

---

[7] The Court could consider the Declarations if it were to convert Defendant's Rule 12(b)(6) motion into a motion for summary judgment. See Fed. R. Civ. P. 12(b) ("If, on a motion . . . to dismiss for failure . . . to state a claim upon which relief can be granted, matters outside the pleading are presented to and [considered] by the court, the motion shall be treated as one for summary judgment . . . ."). Because Defendant has alternatively moved for summary judgment, the undersigned believes it would be improper to convert the motion to dismiss; doing so would render superfluous Defendant's alternative motion for summary judgment. Instead, the undersigned will consider Defendant's Declarations only in conjunction with its alternative summary judgment motion.

Defendant's Memorandum at 18 (DE 11). This argument also is without merit. By asserting that its conduct is exempt from patent infringement under Section 271(e)(1), Defendant has raised an affirmative defense. See Intermedics, Inc. v. Ventritex, Inc., 775 F. Supp. 1269, 1272 (N.D. Cal. 1991) (noting that exemption provided by Section 271(e)(1) is an affirmative defense); Black's Law Dictionary 430 (7th ed. 1999) (defining affirmative defense as "[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true").[8] Defendant, therefore, argues that Plaintiffs' patent infringement claim is deficient because it fails to allege facts sufficient to overcome this affirmative defense. Yet, it is well settled that "plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint[s]." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (first, second, and third alterations in original); accord Gomez v. Toledo, 446 U.S. 635, 640 (1980); United States Gypsum Co. v. Ind. Gas Co., 350 F.3d 623, 627 (7th Cir. 2003); see also Fed. R. Civ. P. 8(c) (burden rests with defendant to affirmatively plead "any . . . matter constituting an avoidance or affirmative defense"). For this reason, courts have repeatedly held that "the existence of an affirmative defense [generally] will not support a rule 12(b)(6) motion to dismiss for failure to state a claim." Fortner v. Thomas, 983 F.2d 1024, 1028 (11th Cir. 1993); accord Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla., 177 F.3d 1212, 1220 n.5 (11th Cir. 1999) (noting that defendants' waiver argument did not provide basis to dismiss complaint because waiver is an affirmative defense); In re Am. Online,

---

[8] But cf. Amgen, Inc. v. Hoechst Marion Roussel, Inc., 3 F. Supp. 2d 104, 108 n.4 (D. Mass. 1998) (stating that it is "not clear whether the [Section 271(e)(1)] exemption is an affirmative defense, rather than a part of the statutory definition of infringement").

Inc., 168 F. Supp. 2d 1359, 1367 (S.D. Fla. 2001) (because contractual limitation of remedies is an affirmative defense, breach of contract claim could not be dismissed on this ground).[9] Thus, Defendant has attempted to foist on Plaintiffs a pleading requirement that does not exist.[10]

At bottom, Defendant has failed to show that it is "beyond doubt" that Plaintiffs can prove "no set of facts in support of [their] claim which would entitle [them] to relief." Conley, 355 U.S. at 45-46. This portion of Defendant's Motion, therefore, should be denied.

D. The Motion for Summary Judgment

In the alternative to the Rule 12(b)(1) and Rule 12(b)(6) prongs of its Motion, Defendant also moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment may be granted only when "the pleadings,

---

[9] A complaint may be dismissed on the basis of an affirmative defense where the allegations in the complaint itself clearly establish the existence of the defense. See Fortner, 983 F.2d at 1028; Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984). For example, where a complaint clearly establishes that the claims asserted therein are beyond the statute of limitations, dismissal of the complaint is appropriate. See Centro Medico del Turabo, Inc. v. Melecio, 406 F.3d 1, 6 (1st Cir. 2005); Small v. Chao, 398 F.3d 894, 898 (7th Cir. 2005). Here, however, the undersigned cannot conclude from the face of Plaintiffs' Amended Complaint that all of Defendant's conduct falls within the Section 271(e)(1) exception.

[10] Even if the Court were to assume, *arguendo*, that a plaintiff must affirmatively plead conduct outside the scope of the Section 271(e)(1) exception, Plaintiffs have done so in their Amended Complaint. See Amended Complaint ¶ 9 (DE 18) (alleging that Defendant has engaged in research and development activities for its allegedly infringing devices for the purpose of foreign fundraising, foreign commercialization, and foreign regulatory approval); Biogen, Inc. v. Schering AG, 954 F. Supp. 391, 397 n.1 (D. Mass. 1996) (shipment of drug samples to foreign regulatory agencies not exempt under Section 271(e)(1)); NeoRX Corp. v. Immunomedics, Inc., 877 F. Supp. 202, 207-09 (same); Ortho Pharm. Corp. v. Smith, Civ. A. No. 90-0242, 1990 WL 121353, at *23 (E.D. Pa. Aug. 17, 1990) (noting that Section 271(e)(1) does not exempt "promotional or commercial use in the U.S. or abroad").

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56, therefore, presumes that a party opposing summary judgment has been afforded an opportunity to conduct sufficient discovery so that it might be able to show that there does exist a genuine issue of material fact. Indeed, the Eleventh Circuit has stated that the "common denominator" among the Supreme Court's three seminal summary judgment opinions – Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); and Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) – is "the Court's caveat that summary judgment may only be decided upon an adequate record." WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988) (emphasis added). Therefore, "the law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, 120 F.3d 248, 253 (11th Cir. 1997); accord Vining v. Runyon, 99 F.3d 1056, 1058 (11th Cir. 1996); Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988).[11]

---

[11] The Federal Circuit applies regional circuit law in reviewing procedural issues, and it applies its own law with respect to substantive patent issues, that are intertwined with the decision to grant or deny a summary judgment motion. See Specialty Rental Tools & Supply, Inc. v. Boyd's Bit Serv., Inc., Nos. 02-1530, 03-1066, 2003 WL 22977470, at *3 (Fed. Cir. Dec. 17, 2003) (unpublished); Biodex Corp. v. Loredan Biomedical, Inc., 946 F.2d 850, 853-58 (Fed. Cir. 1991). With respect to the decision before this Court, whether to defer ruling on a summary judgment motion in order to afford the parties time for discovery is a procedural issue to which the Federal Circuit applies regional circuit law. See Phonometrics, Inc. v. Hospitality Int'l, Inc., No. 04-1318, 2005 WL 78693, at *2 (Fed. Cir. Jan. 12, 2005) (unpublished); see also Hoffer v. Microsoft Corp., 405 F.3d 1326, 1328 (Fed. Cir. 2005) (denial of discovery under Rule 56(f) reviewed under regional circuit law); Biotec Biologische Naturverpackungen GmbH & Co. v. Biocorp, Inc., 249 F.3d 1341, 1354-

These decisions apply with particular force in this case. At the time Defendant filed its Motion, this case had been pending for little more than one month, hardly sufficient time for Plaintiffs to conduct adequate discovery. In fact, according to the parties' Joint Scheduling Report (DE 29), initial disclosures – typically, the <u>beginning</u> of discovery – were not exchanged until early April 2005, two months <u>after</u> Defendant filed its Motion. Therefore, Plaintiffs likely were unaware of the identities of many (if not most) relevant witnesses until long after the Motion had been filed; they clearly could not have obtained discovery from those witnesses in order to oppose Defendant's Motion.

Moreover, Defendant predicates its summary judgment motion largely on the Declarations of Jeffrey LaRose, Rhona Shanker, and Janice Piasecki. According to Defendant, those Declarations affirmatively establish that all of Defendant's conduct falls within the Section 271(e)(1) exception. <u>See</u> Defendant's Memorandum at 10-16 (DE 11). Plaintiffs, however, are not required to simply accept the averments in the Declarations at face value. Rather, they are entitled to conduct discovery to determine whether there exists a basis to challenge them. <u>See</u> <u>Vining</u>, 99 F.3d at 1058 (11th Cir. 1996) ("A premature decision on summary judgment impermissibly deprives the plaintiffs of their right to utilize the discovery process to discover the facts necessary to justify their opposition to the motion."). Indeed, Plaintiffs were not provided with any opportunity to depose the declarants prior to responding to the Motion, and such depositions may ultimately reveal facts conflicting with those stated in the Declarations. So, too, may the other discovery tools available to Plaintiffs – such as interrogatories, document requests, and requests for

---

55 & n.4 (Fed. Cir. 2001) (same); <u>Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.</u>, 200 F.3d 795, 807 & n.5 (Fed. Cir. 1999) (same).

admissions – reveal facts at odds with those set forth in the Declarations. Because Plaintiffs have not yet been able to obtain discovery from Defendant, the undersigned concludes that it would be premature to grant Defendant summary judgment at this time.

### E. The Motion to Stay Discovery

Defendant also has moved to stay discovery for the same reason it seeks dismissal: its actions purportedly are "exempt from any possible claim of patent infringement under 35 U.S.C. § 271(e)(1)." Motion to Stay Discovery at 7 (DE 28). Defendant asserts that because the Court should dismiss this action, it should not permit Plaintiffs to engage in "burdensome, costly and potentially damaging discovery." Id. at 6 (DE 28).[12]

For the reasons set forth above, however, the undersigned concludes that this action should not be dismissed at this time; a stay of discovery therefore would be inappropriate. In fact, the undersigned has recommended that the summary judgment prong of Defendant's Motion be denied precisely because Plaintiffs are entitled to discovery. Denying Plaintiffs discovery, therefore, would undermine this conclusion.

## III. CONCLUSION

For the reasons set forth above, the undersigned concludes that 28 U.S.C. § 1338(a) grants the Court subject matter jurisdiction over this action and that Defendant

---

[12] Defendant argues that discovery may be "damaging" because Plaintiffs and Defendant are competitors in the field of ventricular assist devices, and discovery of "heavily guarded and extremely sensitive information relating to its devices and the development thereof" allegedly would provide Plaintiffs with a "competitive advantage" in that industry. See Motion to Stay Discovery at 5 (DE 28). Any such concern is illusory, however, given the comprehensive, 2-tiered, 11-page Stipulated Protective Order (DE 16) to which the parties have entered and under which Defendant may restrict dissemination of discovery materials by designating those materials as "Confidential" or "Attorney Eyes Only."

has failed to show that Plaintiffs can prove no set of facts that would entitle them to relief. In addition, the undersigned concludes that it would be premature to grant Defendant summary judgment at this early juncture, before Plaintiffs have been afforded an opportunity to conduct discovery. Finally, the undersigned concludes that Defendant has advanced no sound basis to stay discovery at this time. Accordingly, the undersigned respectfully RECOMMENDS that Defendant's Motion to Dismiss Plaintiffs' Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6) or in the Alternative, for Summary Judgment Pursuant to FRCP 12(b) and 56 and supporting Memorandum on Law (DE 10, 11) be DENIED in its entirety, with leave to renew the motion for summary judgment at the close of discovery. The undersigned further RECOMMENDS that Defendant's Motion to Stay Discovery on the Merits (DE 28) be DENIED.

The parties will have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Kenneth A. Marra, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 15 day of June 2005.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Hon. Kenneth A. Marra
United States District Judge

Joseph W. Bain, Esq.
Marc J. Gottlieb, Esq.
Kimberly A. Leary, Esq.
Akerman Senterfitt
222 Lakeview Avenue, Suite 400
West Palm Beach, FL 33401

Jeffrey I. Kaplan, Esq.
Timothy X. Gibson, Esq.
Kaplan & Gilman, L.L.P.
900 Route 9 North
Woodbridge, NJ 07095

James A. Gale, Esq.
Gregory L. Hillyer, Esq.
Feldman Gale, P.A.
Miami Center, Suite 1920
201 South Biscayne Boulevard
Miami, FL 33131

George H. Gerstman, Esq.
David L. Newman, Esq.
Seyfarth Shaw LLP
55 East Monroe Street
Suite 4200
Chicago, IL 60603