FILED by ___ D.C.
ELECTRONIC

Aug 31 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

---------------------------------------------------------- X
:
Ventrassist Pty Ltd. and University of       :
Technology at Sydney,                        :
:
      Plaintiffs and Ventracor,    :
:
v.                                           :
:   Civil Action No. 04-61703-CIV
Heartware Inc.,                              :   (Marra, USDJ / Seltzer, USMJ)
:
      Defendant and Counterclaimant, :
:
v.                                           :
:
Ventrassist Pty Ltd. and University of       :
Technology at Sydney, and Ventracor Limited  :
:
      Counterclaim Defendants.     :
:
---------------------------------------------------------- X

## PLAINTIFFS / COUNTERCLAIM DEFENDANTS' AND VENTRACOR'S ANSWER TO THE COUNTERCLAIMS

Plaintiffs and Counterclaim Defendants Ventrassist Pty Ltd. and University of Technology at Sydney ("plaintiffs") and Ventracor Limited, ("Ventracor") in Answer to the Counterclaims, hereby state as follows[1]:

    1.    Lack information to admit or to deny.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

    5.    Admit that University of Technology Sydney has an interest in the patents in suit. Denied in all other respects. Note that University of Technology at Sydney and University of Technology Sydney refer to the same entity.

---

[1] In an effort to save judicial resources and those of the parties, Ventracor Limited waives formal service of process and is hereby responding to the counterclaim.

6. Admit that there is a judiciable controversy with respect to the patents in suit.

7. Denied.

8. Admitted.

9. Plaintiffs and Ventracor reallege paragraphs 1-8 of their Answer as though fully set forth herein.

10. Denied.

11. Denied.

12. Plaintiffs and Ventracor reallege paragraphs 1-11 as though fully set forth herein.

13. Denied.

14. Denied.

15. Plaintiffs and Ventracor reallege paragraphs 1-8 as though fully set forth herein.

16. Denied.

17. Denied.

18. Plaintiffs and Ventracor reallege paragraphs 1-8, 10, 13 and 16-17 as though fully set forth herein.

19. Denied.

20. This paragraph merely states a proposition of law and requires no response. However, to the extent it may require a response, plaintiffs and Ventracor admit there is a duty of good faith and honesty to the patent office, and deny the allegations to the extent they seek to characterize such duty other than the way in which it is characterized in law.

21. Denied.

22. Denied.

23. Admitted that the attorney prosecuting the applications in issue indicated he was citing Bramm and Moise in an IDS of February 13, 2001. Admitted that said counsel stated that the references listed are of record in the parent applications. Denied that the statement was

2

untrue. Admitted that the PTO issued an Office Action indicating that the IDS "failed to comply with 37 C.F.R. § 1.98..." Denied that the patent applicants' attorney did not thereafter submit to the PTO either the Bramm patent or the Moise patent for the PTO's consideration. Admitted that patent applicants attorney represented in an Amendment mailed October 3, 2002 that legible copies would be submitted. Denied that such statement was untrue. In any and all other respects, the allegations hereof are denied.

24. Denied.

25. Denied there was any information was wrongfully withheld. Admitted that the Schob patent was cited in an Office Action dated November 18, 2002 in connection with prosecution of European patent application No. 98 941 153.3. Admitted that claim 1 was rejected over the Schob patent. Denied that the Schob patent was material and plaintiffs or Ventracor knew it was material, and that the Schob patent was withheld from the Examiner with the intent to deceive the PTO. Admitted that the Schob patent was cited during the prosecution of the corresponding European patent during a time that the '883 patent was pending. Denied that anyone knew or had reason to believe that the PTO would have considered the Schob patent to be material. Denied that the Schob patent was intentionally withheld or that there was any intent to deceive the PTO. Admitted that the '883 patent was an application pending in the PTO when Schob was cited.

26. Denied.

27. Denied that any information was wrongfully withheld, including by not limited to information regarding copending applications. Denied that U.S. Patent Application No. 09/281,608 is a continuation-in-part of the application which issued as the '797 patent. Denied that U.S. Patent No. 6,250,880 and U.S. Patent No. 6,227,797 contain substantially similar disclosures, due to the fact that the term substantially is imprecise. Denied that there was any duty to disclose to the Examiner existence of the '608 application and/or certain references cited

3

therein to the PTO, but admitted that some references cited in some of these patents are not cited in other ones of plaintiffs and Ventracor' patents. The remainder of this paragraph is denied.

28. Denied.

29. Denied that any information was wrongfully withheld. As to the second sentence, admitted that Walowit is listed as a reference in a paper coauthered by Woodard, Watterson, and others. As to the third sentence, lack information to admit or deny when the paper was received by the Journal of Artificial Organs. Admit that two authors of Watterson et al. are named inventors on the '797 and '883 patents. Denied that they had knowledge of the materiality of Walowit et al, or that Walowit et al. was material. Denied that the anyone listed in the last sentence knew that the PTO would have considered Walowit et al. to be material to the examination of the '797 and '883 patents, yet withheld Walowit et al. from the PTO examiner with the intent to deceive the PTO. The remainder of this paragraph is denied.

30. Denied.

31. The first sentence is denied. The second sentence is admitted, that the references were cited in the '883 application. Admitted that a formal information disclosure statement citing the four references in issue was not filed in the '797 patent application, but denied that the plaintiffs, inventors, prosecution counsel, or anyone else involved in the prosecution knew or believed the PTO would have considered the references material to the prosecution of the '797 application, and denied that any of said references were in fact material, as all were cumulative of art already cited to the examiner of the '797 patent application.

32. Denied.

33. The first sentence is denied. The second sentence is admitted. The third sentence is denied. As for the fourth sentence, admitted that at the time the applicant's were made aware of the Wang reference in August, 2000, the '797 application was a pending application, but the remainder is denied.

4

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Plaintiffs and Ventracor reallege paragraphs 1-37 as though fully set forth herein.

39. Lack information to admit or to deny.

40. Admit that UTS and Ventrassist each have certain rights related to the '797 and '883 patents. Whether such rights rise to the level of ownership is a legal conclusion that does not require a response, but to the extent it does, plaintiffs and Ventracor lack information to admit or deny because it is unclear what Heartware means by "own".

41. The first sentence is admitted. The second sentence is denied. The third sentence is denied.

42. Admitted.

43. Admit that the Court has subject matter jurisdiction and personal jurisdiction over plaintiffs and Ventracor, but not for the reasons stated in the counterclaim. Admitted that venue is proper in this district. Denied in all other respects.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Plaintiffs and Ventracor repeatedly allege the subject matter of each of paragraphs 1-49 hereof as though fully set forth herein.

5

51. Admit that the Court has jurisdiction and venue to adjudicate the 6th counterclaim. Denied in other respects.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## AFFIRMATIVE DEFENSES

### I. UNCLEAN HANDS

Heartware comes to the Court with unclean hands and is not entitled to any equitable relief.

### II. FAILURE TO STATE A CLAIM

1. Heartware's unenforceability claims fail to state a claim for relief because all prior art allegedly concealed was entirely cumulative and duplicative of prior art already cited to the Patent Examiner in connection with the relevant patents and is hence not material.

2. Heartware's unfair competition count fails to state a claim for relief.

### III. ANTITRUST AFFIRMATIVE DEFENSES

3. Defendant's antitrust counterclaim is barred by the *Noerr-Pennington* doctrine, insofar as the counterclaim is based on activities directed toward the government and privileged litigation conduct.

6

WHEREFORE, plaintiffs and Ventracor demand judgment as follows:

A) An ORDER and JUDGMENT dismissing all counterclaims with prejudice;

B) An ORDER and JUDGMENT granting the relief set forth in the Complaint;

C) An ORDER AND JUDGMENT holding the '797 and '883 patents valid, enforceable and infringed;

D) An ORDER AND JUDGMENT that Heartware's activities complained of are not exempt from infringement under any statutory exemption;

E) An ORDER AND JUDGMENT awarding plaintiffs and Ventracor reasonable attorneys' fees; and

F) Such other and further relief as the Court deems just and proper.


DATED: August 31, 2005     By: ___/s/:Jason Kellogg  (Fla Bar 0578401) for
                                Jeffrey I. Kaplan (JK 4706)
                                KAPLAN GILMAN GIBSON & DERNIER LLP
                                900 Route 9 North
                                Woodbridge, NJ 07095
                                Telephone (732) 634-7634
                                *Attorneys for Plaintiffs and Ventracor-
                                Counterclaim Defendants*

OF COUNSEL:
Marc J. Gottlieb, Esq.
Joseph W. Bain, Esq.
**AKERMAN SENERFITT**
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, Florida  3301-2220

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2005, a copy of the foregoing **PLAINTIFFS / COUNTERCLAIM DEFENDANTS' AND VENTRACOR'S ANSWER TO THE COUNTERCLAIMS** was sent via email and regular mail to the following individuals:

William E. Pelton, Esq.
Email: wpelton@cooperdunham.com
John P. White, Esq.
Email: jwhite@cooperdunham.com
COOPER & DUNHAM, LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone (212) 278-0400

and

James A. Gale, Esq.
Email: jgale@feldmangale.com
Gregory L. Hillyer, Esq.
Email: ghillyer@feldmangale.com
FELDMANGALE, P.A.
Miami Center, 19th Floor
201 South Biscayne Boulevard
Miami, Florida 33131-4332
Telephone (305) 358-5001

**Attorneys for Heartware**

Dated: August 31, 2005

Jeffrey I. Kaplan